United States District Court
Southern District of Texas

**ENTERED**

April 25, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH SHIRODD SINGLETON, | § |
| | § |
| *Petitioner*, | § |
| | § |
| v. | § CIVIL ACTION NO. H-20-4200 |
| | § |
| BOBBY LUMPKIN, | § |
| | § |
| *Respondent*. | § |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his two 2017 convictions and enhanced 60-year sentences for possession of a controlled substance and possession of a controlled substance with intent to deliver. Respondent filed a motion for summary judgment with a copy of the state court records. (Docket Entries No. 24, 22.) Petitioner has not filed a response, and the motion is unopposed. *See* LR7.4, LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS ("Failure to respond to a motion will be taken as a representation of no opposition.").

Having considered the petition, the motion for summary judgment, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons explained below.

## I.  PROCEDURAL BACKGROUND AND CLAIMS

A.    <u>State Court Proceedings</u>

Petitioner entered open pleas of guilty to possession of a controlled substance (Case #27,730) and possession of a controlled substance with intent to deliver (Case #27,936) in Walker County, Texas.  He was sentenced on June 1, 2017, to an enhanced sixty-year term of incarceration in the Texas Department of Criminal Justice as to each conviction, to run concurrently.

Petitioner's conviction and sentence for possession of a controlled substance in Case #27,730 was affirmed on appeal under *Anders v. California*, 386 U.S. 738, 87 (1967), and discretionary review was not pursued.  *See Singleton v. State*, No. 07-17-00272-CR, 2017 WL 6003519, at *1 (Tex. App.— Amarillo Nov. 29, 2017, no pet.).  Petitioner's appeal of the conviction and sentence for possession of a controlled substance with intent to deliver in Case #27,936 was dismissed for lack of jurisdiction, as the notice of appeal was not timely filed.  *See Singleton v. State*, No. 10-17-00243-CR, 2017 WL 4079629, at *1 (Tex. App.—Waco Sept. 13, 2017, no pet.).

Petitioner challenged his two convictions in separate applications for state habeas relief.  His habeas application as to Case #27,730 was denied on the merits by the Texas Court of Criminal Appeals on September 11, 2019. *Ex parte Singleton*, WR-89,793-01. His habeas application as to Case #27,936 was granted on September 11, 2019, only as to defense counsel's ineffective assistance in filing an untimely notice of appeal; the remaining  claims

2

were dismissed without prejudice. *Ex parte Singleton*, WR-89,793-02. Consequently, the Texas Court of Criminal Appeals allowed petitioner to pursue an out-of-time appeal as to Case #27,936. The appeal was ultimately dismissed as frivolous under *Anders* in *Singleton v. State*, No. 10-19-00386-CR, 2020 WL 830761, at *1 (Tex. App.—Waco Feb. 19, 2020, no pet.). No petition for discretionary review was filed. Petitioner then filed a third application for state habeas relief as to Case #27,936, which was denied on the merits by the Texas Court of Criminal Appeals on December 9, 2020. *Ex parte Singleton*, WR-89,793-03.

> B. Federal Habeas Proceedings

On December 7, 2020, petitioner filed two habeas petitions under 28 U.S.C. § 2254 challenging the two convictions – the instant case (as to the possession conviction) and *Singleton v. Lumpkin*, C.A. No. 20-CV-4410 (S.D. Tex.) (as to the intent to deliver conviction). The two cases were consolidated under the instant case number. Petitioner argues in both instances that trial counsel provided ineffective assistance of counsel.

Respondent contends in the pending motion for summary judgment that petitioner's claims as to Case #27,730 are barred by the applicable one-year statute of limitations. Respondent argues that the habeas claims challenging the conviction in Case #27,936 have no merit.

As noted above, petitioner did not file a response to the motion for summary judgment, and the motion is unopposed.

## II.  FACTUAL BACKGROUND

The intermediate state court of appeals set forth the following statement of facts in its opinion dismissing as frivolous petitioner's appeal of the conviction for possession of a controlled substance (Case #27,730):

> In December 2015, Appellant was stopped for a traffic offense in front of a residence and was hesitant to provide the officer with his license and insurance information.  The officer detected a chemical odor associated with PCP and described Appellant as "digging between the center console and his driver's seat."  Appellant then began yelling for his common-law wife who was inside the residence.
>
> Appellant ignored several requests to exit his vehicle.  The officer deployed his taser to gain compliance and Appellant eventually exited the vehicle and was handcuffed.
>
> The odor of PCP became stronger and a search of Appellant's vehicle revealed a bottle containing PCP behind the driver's seat.  Testing showed the bottle contained 31.47 grams of a substance containing PCP.  Appellant was indicted in the underlying cause for possession of phencyclidine.

*Singleton*, 2017 WL 6003519, at *2 (footnotes omitted).

As to the conviction for possession of a controlled substance with intent to deliver (Case #27,936), the intermediate court of appeals provided the following statement of facts:

> Earlier in 2015, specifically on June 15th, officers had gone to an apartment complex to arrest Appellant based on a parole warrant.  Appellant was placed into custody and consent to search was obtained from the resident on the lease.  The investigator observed contraband in plain view and found a Pringles can with cash.  He also found a brown paper bag containing bottles of what looked like PCP.  Appellant had a similar bottle in his pocket which testing showed was over ten grams of PCP.  The remaining bottles contained over 90 grams of PCP.

4

*Singleton*, 2017 WL 6003519, at *2 (footnotes omitted).

## III.  LEGAL STANDARDS

A.  <u>Habeas Review</u>

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

However, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with

this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–103 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.  This presumption of correctness extends not only to express factual findings, but also to implicit or unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.  *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018).

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported

6

motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV.  STATUTE OF LIMITATIONS
### (Case #27,730)

Respondent argues that petitioner's habeas claims as to Case #27,730 are barred by the applicable one-year statute of limitations and should be dismissed.

Petitioner's federal habeas petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

7

(d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Here, the record shows that petitioner's direct appeal was dismissed as frivolous on November 29, 2017, and no petition for discretionary review was filed.  *See Singleton v. State*, No. 07-17-00272-CR, 2017 WL 6003519, at *1 (Tex. App.— Amarillo Nov. 29, 2017, no pet.).  Thus, petitioner's conviction in Case #27,730 became final for purposes of the

AEDPA limitation on December 29, 2017,[1] and expired one year later on December 29, 2018, subject to federal statutory or equitable tolling.  Petitioner's state habeas application as to Case #27,730 was filed with the trial court on March 4, 2019, and denied by the Texas Court of Criminal Appeals on September 11, 2019.  *Ex parte Singleton*, WR-89,793-01. Petitioner filed his federal habeas petition as to Case #27730 on December 9, 2020. Consequently, petitioner filed his state habeas application as to Case #27,730 *after* expiration of the AEDPA limitation, and it had no tolling effect.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).  As a result, the instant federal habeas petition, filed on December 7, 2020, was untimely by nearly two years.

Neither petitioner nor the record provide any basis for application of 28 U.S.C. §§ 2244(d)(1)(B–D), nor does petitioner argue, much less submit probative summary judgment evidence establishing, entitlement to equitable tolling.  Respondent and the record clearly show that petitioner's habeas claims as to Case #27,730 are barred by the AEDPA one-year limitation.  The motion for summary judgment is **GRANTED** as to petitioner's habeas claims under Case #27,730, and the claims are **DISMISSED WITH PREJUDICE** as barred by limitations.

---

[1] *See* TEX. R. APP. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.").

## V.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
### (Case #27,936)

Respondent argues that petitioner's habeas claims for ineffective assistance of counsel as to Case #27,936 are not barred by limitations, but lack merit and should be denied.[2]

Claims for ineffective assistance of counsel are governed by the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a habeas petitioner must demonstrate that his counsel's performance was deficient, and that the deficient performance resulted in prejudice. *Id.* at 687.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a  breakdown in the adversary process that renders the result unreliable." *Id.*

To satisfy the deficient performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  This is a highly deferential inquiry that requires "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  "It is only when the lawyer's errors were so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment that *Strickland*'s first prong is satisfied." *Buck v. Davis*, ___U.S. ____, 137 S. Ct. 759, 775 (2017) (citation and internal quotation marks omitted).

To satisfy the prejudice prong, a habeas petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[2]Respondent expressly states that no issues as to procedural default are being raised at this time.  (Docket Entry No. 24, p. 16.)

different. *Strickland*, 466 U.S. at 694. A habeas petitioner must affirmatively prove prejudice, and cannot rely on mere speculation or conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540–41 (5th Cir. 2009).

The three habeas claims proffered by petitioner in his federal habeas petition are as follows, *verbatim*: "Sixth Amendment violation ineffective assistance of counsel" (Docket Entry No. 1, p. 6); "Counsel was ineffective for failing to properly advise him of his sentencing info," *id.*; and "Counsel Failed to Negotiate Any Plea Deal," *id.*, p. 7. Petitioner proffers these claims with no attendant factual allegations or argument, nor did he file a memorandum of law explaining his claims. His claims are conclusory, unsupported by any factual allegations appearing in the record, and insufficient to raise a viable claim for federal habeas relief. *See* Rule 2(c), Rules Governing Section 2254 Cases (the "petition must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground.").

In lieu of outright dismissing the claims, respondent suggests that the Court augment petitioner's bare-bones federal claims by looking to petitioner's habeas claims and arguments set forth in his state habeas application. The Court agrees with this suggestion and will proceed accordingly.

11

In his federal application for habeas relief regarding Case #27,936 (Docket Entry No. 1), as augmented by his third application for state habeas relief in WR-89,793-3 (Docket Entry No. 22-42, pp. 10, 26–32), petitioner claims that trial counsel was ineffective in the following particulars:

A.   Plea Offer

Petitioner contends that counsel was ineffective in not informing him of the State's 30-year plea offer and in erroneously advising him to take an open plea instead of the State's plea offer of 30 years.  (Docket Entry No. 22-42, p. 10.)  The Court construes petitioner's claim as arguing counsel was ineffective in  not informing him of the State's plea offer, in erroneously advising petitioner to enter an open plea, and telling him that the State would dismiss other pending charges and that he would serve "no more than 20–30 years."

In responding to these claims in state court on collateral review, defense counsel submitted an affidavit to the trial court, wherein he answered the trial court's inquiries and testified in relevant part as follows:

> What advice did I give Singleton about trial versus plea? And, did I advise Singleton that he would serve no more than 20–30 years?

> As stated above, I advised Singleton not to go to trial on these cases. The arresting officers were very credible, seasoned police officers.  I had tried other cases involving theses officers and knew them to be excellent witnesses for the state. Neither officer was combative as a witness, and both officers consistently came well prepared to testify.  I told Keith that I believed that a Walker County jury would convict him and give him life if they decided punishment.  I told Keith that if we tried the case to a jury and he was found

guilty by a jury that we could still go to the judge for punishment; however, I told him that I would be concerned that we would be putting the judge in a position to punish Keith Singleton harshly because a jury found him guilty. Frankly, I never wanted a jury to see Singleton's criminal history – it was indefensible. I did not promise Mr. Singleton an outcome in this case. I never promise an outcome in any case that I handle. I did think and believe that the positive steps that Singleton had taken in his life would have a positive impact on the sentencing hearing before Judge Kramer. Further, Singleton had significant medical issues that I thought would impact the Court's view in his sentencing. I based my advice the numerous cases that I had tried before Judge Kramer, my observations of other cases tried before Kramer, and input from other attorneys that practice in Walker County. I did discuss all of the issues with Singleton on several occasions. I told Singleton that I thought we could "beat the offer" but I could not guarantee that we could. I explained the risks involved and explained to Singleton that the only way to avoid a risk was to take the State's offer. He declined. We proceeded with the open pleas. He was sentenced to concurrent sixty-year sentences. After he was sentenced and before he shipped to TDCJ, he and his family ask me questions related to parole possibilities. I advised them that he could potentially serve "20 to 30 years" before he was parole eligible.

(Docket Entry No. 22-40, pp. 8–11, exhibits omitted.)

In rejecting petitioner's state habeas claims as to Case #27,936, the Walker County district court made the following relevant findings of fact and conclusions of law:

13.   Trial counsel investigated each of the offenses to include discussions with Applicant, documents produced in discovery, interviews with the law enforcement officers involved and an in-car video and made a determination based upon that investigation that there was no basis to file a Motion to Suppress. In cause number 27,936 Applicant was arrested pursuant to a warrant for his arrest and during the search of Applicant's person PCP was found in Applicant's pocket.

14.   Trial counsel in his investigation determined that in cause number 27,936 the Department of Public Safety laboratory determined the net weight of the PCP found on Applicant was 10.35 grams[.]

15.    Trial counsel discussed the issue of filing a Motion to Suppress with Applicant and advised that such filing would be futile.

16.    Initial plea negotiations with the State resulted in an offer of 40 years for both cases.  Subsequent negotiations resulted in an offer of 30 years. After discussing the offers with Applicant, Applicant rejected the offer.

17.    Applicant had numerous unfiled cases that [would] not be filed in the event of an open plea.

18.    Trial counsel discussed available options with Applicant. Based upon trial counsel's investigation, trial counsel believed that a trial would result in findings of guilty in each case and because of Applicant's prior criminal history, the two enhancement paragraph in cause number 27,730 which could result in a sentence of 25 years to life and the one enhancement paragraph in cause number 27,936 which could result in a sentence of 15 years to life, trial counsel's experience in other trial cases tried before the trial judge and discussions with other defense counsel concerning their experience before the trial judge, trial counsel advised Applicant that he believed Applicant's best option was an open plea in each case and the trial judge assessing punishment at a hearing to be conducted after a pre-sentence investigation was made.

19.    After the discussions, Applicant decided that an open plea was the best option and trial counsel agreed with that decision.

20.    Various options were discussed with Applicant to include trial and punishment to a jury, trial to a jury with punishment to the trial judge, and an open plea.  Trial counsel discussed with Applicant his reasons for advising Applicant to do an open plea. Applicant chose to plea open to the court.

21.    Trial counsel did not advise Applicant that he would serve no more than 20 or 30 years if Applicant entered an open plea. Trial counsel did believe that they could "beat the offer" of 30 years by going to the trial judge rather the jury. Trial counsel was "shocked" when the trial judge sentenced Applicant to 60 years confinement in each case.

22.    Applicant was appropriately advised of the options available to Applicant and the consequences that might follow.

23.    Applicant entered his pleas of guilty and pleas of true in each case knowingly and voluntarily.

\*    \*    \*    \*

28.    Applicant received the effective assistance of counsel.

(Docket Entry No. 22-42, pp. 59–62.)   The Texas Court of Criminal Appeals denied habeas relief without a written order. *Ex parte Singleton*, WR-89,793-3, at cover. (Docket Entry No. 22-41.)

Thus, the state habeas court found that counsel informed him of the state's plea offers, that petitioner declined to accept the offers, and that petitioner agreed that an open plea agreement should be made.   Moreover, the state habeas court found that counsel did not promise petitioner that he would serve no more than 20–30 years.   Petitioner's conclusory assertions of ineffective assistance are unsupported in the record and insufficient to raise a genuine issue of material fact precluding summary judgment.   Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*, and he fails to meet his burden of proof under AEDPA.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.   Respondent is entitled to summary judgment dismissal of this claim.

B.     Failure to Advise

In his second federal habeas claim, petitioner argues that "Counsel was ineffective for

failing to properly advise him of his sentencing info." (Docket Entry No. 1, p. 6)

> What advice did I give Singleton about trial versus plea? And,
> did I advise Singleton that he would serve no more than 20–30
> years?

As stated above, I advised Singleton not to go to trial on these cases. The
arresting officers were very credible, seasoned police officers.  I had tried
other cases involving theses officers and knew them to be excellent witnesses
for the state. Neither officer was combative as a witness, and both officers
consistently came well prepared to testify.  I told Keith that I believed that a
Walker County jury would convict him and give him life if they decided
punishment.  I told Keith that if we tried the case to a jury and he was found
guilty by a jury that we could still go to the judge for punishment; however, I
told him that I would be concerned that we would be putting the judge in a
position to punish Keith Singleton harshly because a jury found him guilty.
Frankly, I never wanted a jury to see Singleton's criminal history – it was
indefensible. I did not promise Mr. Singleton an outcome in this case. I never
promise an outcome in any case that I handle. I did think and believe that the
positive steps that Singleton had taken in his life would have a positive impact
on the sentencing hearing before Judge Kramer. Further, Singleton had
significant medical issues that I thought would impact the Court's view in his
sentencing. I based my advice [on] the numerous cases that I had tried before
Judge Kramer, my observations of other cases tried before Kramer, and input
from other attorneys that practice in Walker County.  I did discuss all of the
issues with Singleton on several occasions. I told Singleton that I thought we
could "beat the offer" but I could not guarantee that we could.  I explained the
risks involved and explained to Singleton that the only way to avoid a risk was
to take the State's offer. He declined. We proceeded with the open pleas. He
was sentenced to concurrent sixty-year sentences. After he was sentenced and
before he shipped to TDCJ, he and his family ask me questions related to
parole possibilities. I advised them that he could potentially serve "20 to 30
years" before he was parole eligible.

(Docket Entry No. 22-40, pp. 8–11, exhibits omitted.)

In rejecting petitioner's state habeas claims, the Walker County district court made

the following relevant findings of fact and conclusions of law as to Case #27,936:

13.  Trial counsel investigated each of the offenses to include discussions with Applicant, documents produced in discovery, interviews with the law enforcement officers involved and an in-car video and made a determination based upon that investigation that there was no basis to file a Motion to Suppress. In cause number 27,936 Applicant was arrested pursuant to a warrant for his arrest and during the search of Applicant's person PCP was found in Applicant's pocket.

14.  Trial counsel in his investigation determined that in cause number 27,936 the Department of Public Safety laboratory determined the net weight of the PCP found on Applicant was 10.35 grams[.]

*   *   *   *

18.  Trial counsel discussed available options with Applicant. Based upon trial counsel's investigation, trial counsel believed that a trial would result in findings of guilty in each case and because of Applicant's prior criminal history, the two enhancement paragraph in cause number 27,730 which could result in a sentence of 25 years to life and the one enhancement paragraph in cause number 27,936 which could result in a sentence of 15 years to life, trial counsel's experience in other trial cases tried before the trial judge and discussions with other defense counsel concerning their experience before the trial judge, trial counsel advised Applicant that he believed Applicant's best option was an open plea in each case and the trial judge assessing punishment at a hearing to be conducted after a pre-sentence investigation was made.

*   *   *   *

20.  Various options were discussed with Applicant to include trial and punishment to a jury, trial to a jury with punishment to the trial judge, and an open plea.  Trial counsel discussed with Applicant his reasons for advising Applicant to do an open plea. Applicant chose to plea open to the court.

21.    Trial counsel did not advise Applicant that he would serve no more than 20 or 30 years if Applicant entered an open plea. Trial counsel did believe that they could "beat the offer" of 30 years by going to the trial judge rather the jury. Trial counsel was "shocked" when the trial judge sentenced Applicant to 60 years confinement in each case.

22.    Applicant was appropriately advised of the options available to Applicant and the consequences that might follow.

23.    Applicant entered his pleas of guilty and pleas of true in each case knowingly and voluntarily.

\*   \*   \*   \*

28.    Applicant received the effective assistance of counsel.

(Docket Entry No. 22-42, pp. 59–62.) The Texas Court of Criminal Appeals denied habeas relief without a written order. *Ex parte Singleton*, WR-89,793-3, at cover. (Docket Entry No. 22-41.)

Thus, the state habeas court found that defense counsel investigated the case, provided petitioner with information and his professional opinion as to sentencing issues, and that petitioner elected to plead guilty under an open plea. Petitioner's conclusory assertions of ineffective assistance are unsupported in the record and insufficient to raise a genuine issue of material fact precluding summary judgment. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*, and he fails to meet his burden of proof under AEDPA.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination

of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

C.    Failure to Negotiate Plea Deal

Petitioner argues in his third federal habeas claim that "Counsel failed to negotiate any plea deal."  *Id.*, p. 7.  In state court, petitioner argued that counsel was ineffective in not negotiating a favorable "plea deal."

In responding to this claim in state court on collateral review, defense counsel submitted an affidavit to the trial court, wherein he answered the trial court's inquiries and testified in relevant part as follows:

> Whether an attempt was made to negotiate a plea agreement with the state and whether the state extended offers prior to the open plea? And, whether Singleton had other charges pending?

Keith Singleton and I met on numerous occasions to discuss how to proceed on these cases. The state had originally offered, orally, a plea deal of 40 years for both cases.  Later the state reduced that offer to 30 years. Mr. Singleton rejected the offer after discussing the options with me. I convinced the state to allow us an opportunity to enter an open plea. Keith had taken a number of positive steps in his life – attempting to overcome his addiction. I advised Singleton to consider the following: 1. He could not get probation from a jury because of his previous felony convictions; 2. The Court could ignore the enhancement paragraphs and could give Mr. Singleton probation; 3. In Walker County, Texas, my experience on a case of this magnitude is that Judge Kramer would be more lenient on punishment than would a jury; and 4. An open plea would eliminate numerous other unfiled cases from being filed by the District Attorney's office.

Singleton faced several other potential charges including another felony delivery case for MDMA, a DWI 2nd, and other misdemeanor charges. After numerous discussions and meetings with Singleton, he decided that the open

19

plea option was the most favorable option. I agreed. No one was more shocked when we heard the sentence announced than I.

I had tried before Judge Kramer, my observations of other cases tried before Kramer, and input from other attorneys that practice in Walker County. I did discuss all of the issues with Singleton on several occasions. I told Singleton that I thought we could "beat the offer" but I could not guarantee that we could. I explained the risks involved and explained to Singleton that the only way to avoid a risk was to take the State's offer. He declined. We proceeded with the open pleas. He was sentenced to concurrent sixty-year sentences. After he was sentenced and before he shipped to TDCJ, he and his family ask me questions related to parole possibilities. I advised them that he could potentially serve "20 to 30 years" before he was parole eligible.

(Docket Entry No. 22-40, pp. 8–11, exhibits omitted.)

In rejecting petitioner's state habeas claims, the Walker County district court made

the following relevant findings of fact and conclusions of law as to Case #27,936:

13.    Trial counsel investigated each of the offenses to include discussions with Applicant, documents produced in discovery, interviews with the law enforcement officers involved and an in-car video and made a determination based upon that investigation that there was no basis to file a Motion to Suppress. In cause number 27,936 Applicant was arrested pursuant to a warrant for his arrest and during the search of Applicant's person PCP was found in Applicant's pocket.

*    *    *    *

16.    Initial plea negotiations with the State resulted in an offer of 40 years for both cases. Subsequent negotiations resulted in an offer of 30 years. After discussing the offers with Applicant, Applicant rejected the offer.

17.    Applicant had numerous unfiled cases that [would] not be filed in the event of an open plea.

18.    Trial counsel discussed available options with Applicant. Based upon trial counsel's investigation, trial counsel believed that a trial would

result in findings of guilty in each case and because of Applicant's prior criminal history, the two enhancement paragraph in cause number 27,730 which could result in a sentence of 25 years to life and the one enhancement paragraph in cause number 27,936 which could result in a sentence of 15 years to life, trial counsel's experience in other trial cases tried before the trial judge and discussions with other defense counsel concerning their experience before the trial judge, trial counsel advised Applicant that he believed Applicant's best option was an open plea in each case and the trial judge assessing punishment at a hearing to be conducted after a pre-sentence investigation was made.

\*   \*   \*   \*

20.   Various options were discussed with Applicant to include trial and punishment to a jury, trial to a jury with punishment to the trial judge, and an open plea.  Trial counsel discussed with Applicant his reasons for advising Applicant to do an open plea. Applicant chose to plea open to the court.

21.   Trial counsel did not advise Applicant that he would serve no more than 20 or 30 years if Applicant entered an open plea. Trial counsel did believe that they could "beat the offer" of 30 years by going to the trial judge rather the jury. Trial counsel was "shocked" when the trial judge sentenced Applicant to 60 years confinement in each case.

22.   Applicant was appropriately advised of the options available to Applicant and the consequences that might follow.

23.   Applicant entered his pleas of guilty and pleas of true in each case knowingly and voluntarily.

\*   \*   \*   \*

28.   Applicant received the effective assistance of counsel.

(Docket Entry No. 22-42, pp. 59–62.) The Texas Court of Criminal Appeals denied habeas relief without a written order. *Ex parte Singleton*, WR-89,793-3, at cover. (Docket Entry No. 22-41.)

Thus, the state habeas court found that during plea negotiations, the State made an initial plea bargain offer of 40 years, followed by a subsequent 30-year offer. Following discussions with counsel, petitioner opted to decline the State's offer and to enter an open plea. Petitioner presents no probative summary judgment evidence that counsel failed to discuss plea bargain agreements with the State; to the contrary, both counsel's affidavit and the findings of fact evince that negations were made. That the State did not offer petitioner a plea bargain agreement to his liking does not constitute evidence that counsel was ineffective. Petitioner's conclusory assertions of ineffective assistance are unsupported in the record and insufficient to raise a genuine issue of material fact precluding summary judgment. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*, and he fails to meet his burden of proof under AEDPA.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VI.  CONCLUSION

For the above reasons, the motion for summary judgment (Docket Entry No. 24) is

**GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending

motions are **DISMISSED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____ APR 2 5 2023 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KEITH SHIRROD SINGLETON, §
§
*Petitioner*, §
§
v. § CIVIL ACTION NO. H-20-4200
§
BOBBY LUMPKIN, §
§
*Respondent.* §

### FINAL JUDGMENT

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date,

this lawsuit is **DISMISSED WITH PREJUDICE.**

This is a **FINAL JUDGMENT.**

Signed at Houston, Texas, on _____ APR 2 5 2023 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE